IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCISCO GARCIA DELGADILLO, | § § § | |
| Petitioner, | § § | |
| v. | § | 1:15-CV-580-RP |
| DAYANA RODRIGUEZ GIL, | § § § | |
| Respondent. | § § | |

**ORDER**

Before the court in the above-entitled matter is Petitioner's Motion for Enforcement of Possession or Access and Order to Appear. (Dkt. 29). For the reasons explained below, Petitioner's motion is **DISMISSED**.

**I. BACKGROUND**

In July 2015, Petitioner Francisco Garcia Delgadillo ("Petitioner") filed an application for the return of a child pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") in this court. (Dkts. 1, 4). The matter was assigned to the docket of the undersigned judge, who scheduled a bench trial commencing January 25, 2016. (Dkt. 20). On January 19, 2016, the parties filed an Agreed Stipulation of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). (Dkt. 27). That filing noted that the parties had "reached a settlement disposing of all claims," (*id.*); the settlement agreement was submitted to the Court on the same day, (Dkt. 26-1). The Court subsequently entered an order ("Dismissal Order") dismissing the parties' claims and closing the case. (Dkt. 28). That order read, in its entirety,

> Before the Court is the parties' Agreed Stipulation of Dismissal With Prejudice, filed January 19, 2016. By way of the stipulation, the parties state they seek to dismiss all claims raised in this action. As the parties have all signed the stipulation, the Stipulation of Dismissal is GRANTED. Accordingly, IT IS ORDERED that all claims and causes of action asserted by the parties to this action are hereby DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that all pending

1

> motions are hereby TERMINATED and the Clerk's Office is directed to close this case. Each party is to bear its own attorney's fees and costs.

(*Id.* (citations omitted)).

No additional documents were filed until today, December 19, 2017, when Petitioner filed the instant motion. That motion alleges that Respondent Dayan Rodriguez Gil ("Respondent") has failed to comply with the Court's prior order[1] by "refus[ing] to allow the Petitioner to have possession or access to the Child since the Order was signed." (Dkt. 29 ¶ 8).

## II. DISCUSSION

The instant motion asserts that "[t]his Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings." (Dkt. 29 ¶ 5). That assertion is incorrect.

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). Such a proceeding therefore "requires its own basis for jurisdiction." *Id.* The Supreme Court has held that a court's "'ancillary jurisdiction' 'to manage its proceedings, vindicate its authority, and effectuate its decrees' provides such an independent jurisdictional basis . . . only if 'the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal.'" *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen*, 511 U.S. at 380–81). A court may make a settlement agreement part of its dismissal order in two ways: "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381. When, as here, the dismissal was made pursuant to Rule 41(a)(1)(ii), the court is authorized to retain jurisdiction over the settlement only when the parties agree on that term. *Id.* at 381–82.

---

[1] The instant motion describes the relevant order as the order "signed with the Settlement Agreement." (Dkt. 29 ¶ 7). The Court understands Petitioner to be referring to the Dismissal Order entered on January 20, 2016. That order was not, however, "signed with" the parties' settlement agreement. The parties filed a signed settlement agreement with the Court, simultaneously seeking dismissal of the action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court's subsequent order merely directed dismissal of the parties' claims and closed the case, as evidenced by the text quoted above.

The Dismissal Order at issue in the instant case neither included a provision specifying that the Court would retain jurisdiction over the settlement agreement nor incorporated the terms of the settlement agreement into its own text. Moreover, neither the parties' Notice of Settlement Agreement nor their Agreed Stipulation of Dismissal with Prejudice indicate an agreement that this Court would be authorized to retain jurisdiction over the settlement. This Court therefore lacks jurisdiction to take action pursuant to Petitioner's Motion for Enforcement. *See, e.g.*, *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (explaining that a district court's enforcement of a settlement in a case dismissed pursuant to Rule 41(a)(1)(A)(ii) requires that "all parties . . . agree to such jurisdiction").

### III. CONCLUSION

For the reasons explained above, Petitioner Francisco Garcia Delgadillo's Motion for Enforcement of Possession or Access and Order to Appear, (Dkt. 29), is **DISMISSED**.

**SIGNED** on December 19, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE